**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000137
30-SEP-2020
07:50 AM**

NO. CAAP-17-0000137

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ABIGAIL K. KAWANANAKOA, Plaintiff-Appellant,
v.
KAPIOLANI MARIGNOLI; DUCCIO MARIGNOLI,
Defendants-Appellees,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE CORPORATIONS 1-50;
DOE PARTNERSHIPS 1-50; DOE GOVERNMENTAL ENTITIES 1-50;
DOE NON-PROFIT ENTITIES 1-50; and DOE DEFENDANTS 1-50,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 16-1-1017)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Chan and Hiraoka, JJ.)

Plaintiff-Appellant Abigail K. Kawananakoa (Kawananakoa) appeals from the February 3, 2017 Judgment on Order Granting Motion to Dismiss for Lack of Jurisdiction (Judgment) entered by the Circuit Court of the First Circuit (circuit court).[1] The Judgment was entered pursuant to the Order Granting Motion to Dismiss for Lack of Jurisdiction (Order Granting MTD) entered on the same day.

This case arises from a dispute between Kawananakoa and Defendants-Appellees Kapiolani Marignoli (Kapiolani) and Duccio Marignoli (Duccio) (collectively, the Marignolis)

---

[1] The Honorable Edwin C. Nacino presided.

regarding the ownership of a portrait of Kawananakoa's adoptive mother, Princess Abigail Kawananakoa (hereafter, the Portrait). In her Complaint, Kawananakoa alleged that she is the rightful owner of the Portrait and sought, inter alia, its safe return from the Marignolis as well as monetary damages. On October 17, 2016, Kapiolani filed a Motion to Dismiss for Lack of Jurisdiction (MTD) pursuant to Hawaiʻi Rules of Civil Procedure (HRCP) Rules 12(b)(1) and 12(b)(2),[2] arguing that the circuit court lacked (1) subject matter jurisdiction over the Portrait because it is located in Italy and (2) personal jurisdiction over Duccio, Kapiolani's son, because he is a resident of Spoleto, Italy, who had not purposefully availed himself of the circuit court's jurisdiction. Kapiolani further argued that the case should be dismissed because Duccio's interest in the Portrait rendered him an indispensable party to the action under HRCP Rule 19 and that he could not be feasibly joined because he is outside the jurisdiction of the circuit court. At the hearing on the MTD on December 9, 2016, the circuit court agreed with Kapiolani and orally dismissed the case with prejudice. The circuit court then entered the Order Granting MTD and the Judgment.

On appeal, Kawananakoa argues that the circuit court had subject matter jurisdiction because the Portrait resided in Honolulu, Hawaiʻi for many years prior to Duccio's possession of it and the events upon which this dispute is based arose in Hawaiʻi. Kawananakoa also argues that the circuit court had personal jurisdiction over Duccio on the bases that Duccio: 1) has been in Hawaiʻi many times on business; 2) uses a Hawaiʻi address for conducting business for a non-profit; 3) served on

---

[2]    HRCP Rule 12(b) states, in relevant part:

> **(b) How presented.** Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person[.]

the Board of the Friends of Iolani Palace from 2009-2015; and 4) was in charge of the 2008 exhibit of the Portrait in Honolulu.

Based on the Complaint, this action was of both a quasi in rem and in personam nature,[3] and we construe Kawananakoa's arguments on appeal to be that the circuit court had quasi in rem jurisdiction over the Portrait and/or in personam jurisdiction over Duccio. See 20 Am. Jur. 2d Courts § 69 ("A decision in personam imposes a responsibility or liability on a person directly and binds such individual personally with regard to every property he or she possesses, even that over which the court has no jurisdiction in rem and which its decision cannot directly affect. The alternative to personal jurisdiction is in rem jurisdiction or quasi in rem jurisdiction[.]" (footnote omitted)); 1 Am. Jur. 2d Actions § 30 ("A proceeding quasi in rem has been characterized as an in rem action which affects only the interests of particular persons in a certain thing. . . . The essential elements of an action quasi in rem are a res over which the state can exercise power, and a course of judicial procedure the object and result of which is to subject the res to the power of the state by the judgment or decree which is entered[.]" (footnotes omitted)).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Kawananakoa's points of error as follows.

## I. In Rem and Subject Matter Jurisdiction Over the Portrait

In her Complaint, Kawananakoa asserted in conclusory fashion that the "Court has jurisdiction over the matter" but did not allege the location of the Portrait or otherwise provide any basis upon which the circuit court's subject matter jurisdiction could be gleaned. Kawananakoa also did not respond to

---

[3] Kawananakoa sought an award of possession of the Portrait (quasi in rem) and monetary damages from the Marignolis (in personam).

3

Kapiolani's assertion of lack of in rem or subject matter jurisdiction[4] in either her Memorandum in Opposition to Kapiolani's MTD (Memorandum in Opposition) or during the hearing on the MTD, beyond asserting that the circuit court had to take the allegations contained in the Complaint as true.

> A trial court's dismissal for lack of subject matter jurisdiction is a question of law, reviewable *de novo*. . . . Our review is based on the contents of the complaint, the allegations of which we accept as true and construe in the light most favorable to the plaintiff. Dismissal is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. . . . <u>When considering a motion to dismiss pursuant to [HRCP] Rule 12(b)(1) the trial court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction</u>.

O'Connor v. Diocese of Honolulu, 77 Hawaiʻi 383, 385, 885 P.2d 361, 363 (1994) (brackets omitted) (emphasis added) (quoting Norris v. Hawaiian Airlines, Inc., 74 Haw. 235, 239-240, 842 P.2d 634, 637 (1992)).

In this case, the circuit court properly considered declarations attached to Kapiolani's MTD and Kawananakoa's Memorandum in Opposition. Kapiolani declared that both Duccio and the Portrait resided in Italy. Kawananakoa also declared that she sent the Portrait to Duccio in 1998 and that he currently had possession of it. Thus, it was undisputed that the Portrait was located in Italy during the course of this action. The circuit court therefore did not have in rem or quasi in rem jurisdiction over the Portrait and did not err in its decision in this regard. See Shaffer v. Heitner, 433 U.S. 186, 199 (1977) (stating that quasi in rem jurisdiction is "based on the court's power over property within its territory").

## II. **In Personam or Personal Jurisdiction Over Duccio**

"In determining personal jurisdiction, 'the [trial]

---

[4]   "Quasi in rem jurisdiction is a form of subject matter jurisdiction based on property located within the state's territory, tangible or intangible[.]"  21 C.J.S. Courts § 38 (footnotes omitted).

court has discretion to proceed either upon written submissions or through a full evidentiary hearing.'" Shaw v. North Am. Title Co., 76 Hawai'i 323, 326-27, 876 P.2d 1291, 1294-95 (1994) (quoting 2A J. Moore, J. Lucas & G. Grotheer, Moore's Federal Practice ¶ 12.07[2.-2] at 12-69-70 (2d ed. 1993)).

> If the . . . court chooses not to conduct a full-blown evidentiary hearing on a pretrial motion to dismiss for lack of personal jurisdiction, plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials, even though plaintiff eventually must establish jurisdiction by a preponderance of the evidence either at a pretrial evidentiary hearing or at trial and, before the hearing is held, a prima facie showing suffices notwithstanding any controverting presentation by the moving party to defeat the motion.

Id. (emphasis added) (quoting Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981)). In this case, although there was a hearing on the MTD, it does not appear that there was formal discovery or a "full-blown evidentiary hearing" on the MTD. See Maeda v. Pinnacle Foods Inc., 390 F.Supp.3d 1231, 1242 (D. Haw. 2019) ("Absent formal discovery or an evidentiary hearing, 'this demonstration requires that the plaintiff make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" (quoting Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006))).

"Personal jurisdiction exists when (1) the defendant's activity falls under the State's long-arm statute, and (2) the application of the statute complies with constitutional due process." Norris v. Six Flags Theme Parks, Inc., 102 Hawai'i 203, 207, 74 P.3d 26, 30 (2003). "Hawaii's long-arm statute, HRS § 634-35,[5] was adopted to expand the jurisdiction of the State's

---

5       HRS § 634-35 (2016) states in relevant part:

        (a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, the person's personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of the acts:

        (1)    The transaction of any business within this State;

courts to the extent permitted by the due process clause of the Fourteenth Amendment."  <u>Cowan v. First Ins. Co. of Hawaii, Ltd.</u>, 61 Haw. 644, 649, 608 P.2d 394, 399 (1980).

> Due process requires that a nonresident defendant have sufficient "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (citation omitted). "'[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (quoting <u>Hanson v. Denckla</u>, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958)).  The determining inquiry is whether "'the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'"  <u>Id.</u> at 474, 105 S.Ct. at 2183 (quoting <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)).  There is no "talismanic jurisdictional formula" and the court weighs each case on its facts.  <u>Id.</u> at 485–86, 105 S.Ct. at 2189 (citation omitted).

<u>In Interest of Doe</u>, 83 Hawaiʻi 367, 373, 926 P.2d 1290, 1296 (1996) (quoting <u>Shaw</u>, 76 Hawaiʻi at 329–30, 876 P.2d at 1297–98).

There are "two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." <u>Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County</u>, 137 S.Ct. 1773, 1780 (2017).  "A court with general jurisdiction may hear <u>any</u> claim against that defendant, even if all the incidents underlying the claim occurred in a different State."  <u>Id.</u> (emphasis in original).  However, in order for a state court to exercise specific jurisdiction, the claim must arise out of or relate to the defendant's contacts with the forum state.  <u>Id.</u>

## A.    **General Jurisdiction**

"[G]eneral jurisdiction exists where a defendant has continuous and systematic contacts with the forum; the exercise

---

(2)    The commission of a tortious act within this State[.]

of jurisdiction in such a case does not offend traditional notions of fair play and substantial justice." In Interest of Doe, 83 Hawaiʻi at 374, 926 P.2d at 1297.

Kawananakoa alleged in the Complaint that the Marignolis were residents of Honolulu, Hawaiʻi. Through her MTD and the attached declaration, Kapiolani controverted the assertion as to Duccio and attested that Duccio resides in Italy. Kawananakoa did not present affidavits or supporting material to dispute this statement. Rather, in her Memorandum in Opposition and on appeal, Kawananakoa asserts that the circuit court had personal jurisdiction over Duccio on the bases that Duccio: 1) has been in Hawaiʻi many times on business; 2) uses a Hawaiʻi address for conducting business for a non-profit; 3) served on the Board of the Friends of Iolani Palace from 2009-2015; and 4) was in charge of the 2008 exhibit of the Portrait in Honolulu. As exhibits to her Memorandum in Opposition, Kawananakoa submitted copies of United States tax returns for Marignoli Di Montecorona Foundation, Inc. (Marignoli Foundation), the non-profit for which Duccio is listed as President, for the years 2012, 2013, and 2014.

The sworn declaration attached to Kawananakoa's Memorandum in Opposition did not establish that Duccio had been to Hawaiʻi many times on business, except for his trip to Honolulu in 2008 to oversee the exhibit of the Portrait. Additionally, notwithstanding the contrary evidence and declarations submitted in Kapiolani's Reply to the Memorandum in Opposition (Reply),[6] these assertions and the tax returns do not sufficiently establish that Duccio continuously or systemically

---

[6] Attached to the Reply is the declaration of Robert J. Smolenski, one of the Honolulu attorneys representing Kapiolani in this case. Mr. Smolenski attests, inter alia, that: he is the Secretary and a Director of the Marignoli Foundation; attached to his declaration as an exhibit is an Italian tax code certificate listing Duccio as the representative of the Marignoli Foundation at its operating office in Spoleto, Italy; the address on the tax returns for the Marignoli Foundation is his office for IRS purposes, but Duccio has never been to his office; and except for a couple of exceptions, meetings of the directors of the Marignoli Foundation have been conducted by telephone conference call, with Duccio participating from Spoleto, Italy.

discharged his duties for the non-profit in this State or that he could otherwise be found to be domiciled here.  See Bristol-Myers Squibb Co., 137 S.Ct. at 1780 ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]").  Kawananakoa did not assert facts or submit affidavits or other supporting materials showing that Duccio discharged his duties for the Marignoli Foundation or as a board member of the Friends of Iolani Palace in the state of Hawaiʻi continuously or systematically.  As a result, Duccio's asserted contacts do not appear on their face to be continuous and systematic, nor do they establish that he was domiciled in this state.  See id.; cf. Perkins v. Benguet Consol. Min. Co., 342 U.S. 437, 447-48 (1952) (determining that the following activities by the president of a foreign corporation amounted to continuous and systematic activities conducted by the foreign corporation in the forum state: maintaining an office from which he conducted personal and corporate activities, keeping company files and holding directors' meetings in the office and at his home located in the forum state, carrying on correspondence relating to the business, distributing salary checks drawn on two active bank accounts in the forum state, engaging a bank in the forum state to act as transfer agent, and supervising policies dealing with the rehabilitation of the corporation's properties in the Philippines from the forum state); Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-19 (1984) (determining that a foreign corporation's contacts with a forum state were not continuous and systematic when they consisted of: sending its chief executive officer to the forum state for a contract-negotiation session; accepting into its New York bank account checks drawn on a bank in the forum state; purchasing helicopters, equipment, and training services from a company in the forum state for substantial sums; and sending personnel to the helicopter company's facilities in the forum state for training).  Based on the foregoing, the circuit court did not err

in determining that it lacked general jurisdiction over Duccio.
See Shaw, 76 Hawaiʻi at 326–27, 876 P.2d at 1294–95.

### B. **Specific Jurisdiction**

> If a defendant's contacts with the forum are not continuous and systematic, the forum may exercise only specific jurisdiction, and due process requires application of the following three-part test:

>> (1) The nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

>> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

>> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

In Interest of Doe, 83 Hawaiʻi at 374, 926 P.2d at 1297.

Based on our review of the record, Kawananakoa did not assert in either the Complaint or Memorandum in Opposition that Duccio's possession of the Portrait arose out of or related to the contacts he purportedly had with this state.[7]  Rather, at the hearing on the MTD, Kawananakoa recited Duccio's asserted contacts with this state and stated in a conclusory manner that "[h]e's clearly availed himself of the -- of the privileges of doing business in Hawai[ʻ]i.  So we think he clearly meets both general jurisdiction and specific jurisdiction."  Kawananakoa thus had not met her burden of establishing specific jurisdiction.  See Shaw, 76 Hawaiʻi at 326–27, 876 P.2d at 1294–95.

### III. **Duccio as an Indispensable Party**

At the hearing on the MTD, the circuit court agreed with Kapiolani that one of the grounds for dismissing the

---

[7]     We note that the declarations of Kawananakoa and Kapiolani both indicate that the Portrait was sent to Duccio in 1998, before Kawananakoa alleges that he served on the Board of the Friends of Iolani Palace from 2009-2015.

Complaint in its entirety was that Duccio was an indispensable party under HRCP Rule 19[8] who could not be feasibly joined due to the court's lack of jurisdiction over him, and that the case proceeding against Kapiolani would prejudice Duccio's asserted interest in the Portrait. Kawananakoa failed to argue either in her Memorandum in Opposition or at the hearing on the MTD that Duccio could be feasibly joined or that this case could properly proceed without Duccio under HRCP Rule 19. Rather, in her Reply Brief, Kawananakoa maintains that the circuit court had jurisdiction over Duccio and his indispensability is therefore irrelevant. Insofar as Kawananakoa failed to address the issue of Duccio's indispensability during the lower court proceedings or raise it as a point of error in her Opening Brief on appeal, we deem that point waived and decline to review for plain error.

---

[8] HRCP Rule 19 states in relevant part:

> **(a) Persons to be joined if feasible**. A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (A) as a practical matter impair or impede the person's ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff.

> **(b) Determination by court whenever joinder not feasible**. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4); State v. Moses, 102 Hawaiʻi 449, 456, 77 P.3d 940, 947 (2003).

## IV. **Conclusion**

Accordingly, the Circuit Court of the First Circuit's February 3, 2017 Judgment on Order Granting Motion to Dismiss for Lack of Jurisdiction is affirmed.

DATED:  Honolulu, Hawaiʻi, September 30, 2020.


On the briefs:

/s/ Lisa M. Ginoza
George W. Van Buren,                Chief Judge
and John B. Shimizu,
(Van Buren & Shimizu),
for Plaintiff-Appellant.            /s/ Derrick H. M. Chan
                                    Associate Judge
John P. Duchemin,
Janjeera S. Hail,
(Cades Schutte),                    /s/ Keith K. Hiraoka
and Robert J. Smolenski,            Associate Judge
(Smolenski & Wooddell),
for Defendant-Appellee.